## Commonwealth v. Kopitsko

*Alfred L. Taxis, Jr.,* assistant district attorney, for Commonwealth.

*Smillie, Bean & Scirica,* for defendant.

CORSON, J., February 16, 1954.—In the early morning of Saturday, May 23, 1953, an electric appliance store in Montgomery County was burglarized and various electrical appliances and radios stolen. Defendant, John Kopitsko, was later arrested, charged with being implicated in such burglary, and in November 1953 a jury returned a verdict finding defendant guilty as charged.

Defendant has filed a motion for new trial, setting forth three reasons in support of such motion. The first two reasons are that the verdict was contrary to the evidence and contrary to the weight of the evidence. Neither of these reasons was pressed and both are without merit. The third reason is that one of the members of the jury rendering the verdict was one Arnold F. Bliss, whose occupation was given in the list of petit jurors as "insurance".

At the time the list of petit jurors was called in Courtroom A, on the first day of court, Mr. Bliss stated to President Judge Knight that he would like to serve as a juror if he was not disqualified because of the fact that he was a member of the Philadelphia bar, although he was at present employed by an insurance company. At that time the juror was informed that he was not ipso facto disqualified because of the fact that he was a lawyer.

After the jury had been sworn and the evidence had been presented for both the Commonwealth and defendant, it came to the attention of counsel for defendant that Mr. Bliss was a lawyer, whereupon, in chambers, a motion was made to withdraw a juror. This motion was refused and exception granted. Defendant now contends that under the Act of May 17, 1939, P. L. 157, sec. 2, 17 PS §1333, the juror was disqualified to serve as a juror. With this contention we cannot agree.

Section 2 of the Act of 1939 provides as follows:

"Only adult citizens of the United States, residents of the county and able to understand the English language, shall be eligible as jurors. Persons under indictment, whether for felonies or misdemeanors, and persons who have been convicted of felonies are ineligible for jury service. Attorneys at law and physicians in active practice shall not be listed for jury service. If the name of any person who is ineligible for jury service is placed on the jury list the name of such person

may be stricken off by the court of common pleas, oyer and terminer, or quarter sessions, on motion made and proof offered as such ineligibility. This power may be exercised at any time before any such juror is called and sworn as a member of any jury."

From an examination of this section it will be noticed that the act first gives a definition of eligibility and also provides that persons under indictment or persons who have been convicted of felonies are ineligible for jury service. The provision as to attorneys-at-law and physicians only provides that such attorneys and physicians—in active practice—shall not be listed for jury service. Nothing in the act makes such attorneys or physicians ineligible as jurors. The provision that such persons shall not be listed, we construe to be a right of exemption from jury service which may be waived and not a provision making such attorneys and physicians ineligible for jury service.

Certainly if the legislature so intended it would have been perfectly easy to include attorneys and physicians among the persons declared ineligible. Even if a person is ineligible for jury service, and his name may be stricken off as a juror upon motion, such power to strike off may only be exercised before such juror "is called and sworn as a member of any jury".

While a jury board, under the act, cannot put the name of an exempted person on the jury list if it knows of the fact of his exemption, yet a mistake in so doing cannot injure anyone except the juror himself. See 31 Am. Jur., Jury, §55.

The second reason why defendant's contention must be dismissed is set forth in section 9 of the Act of 1939, supra, 17 PS §1340, which provides as follows:

"Any objection or challenge to jurors based on their disqualification for jury service under this act, or to the array based on any irregularity in the proceedings or procedure in and by which said jurors were selected,

drawn, or summoned for jury service, must be made before said jurors or array of jurors are sworn and cannot be made thereafter. After jurors are sworn without objection all objections to their qualifications as prescribed by this act or to the manner of their selection, drawing, or summoning *shall be deemed to have been waived.* No indictment can be attacked *or verdict challenged* by reason of any juror's disqualification under this act, or any irregularity in the manner of selecting, drawing, or summoning jurors unless due objection is made before said alleged disqualified or illegally selected jurors are sworn." (Italics supplied.)

Under this section, even though a juror may be disqualified because of his inability to understand the English language, yet if no objection is made before he is sworn as a juror, all objections to his serving would be deemed to have been waived and the verdict rendered could not be challenged even though such juror was legally disqualified from serving.

Defendant now contends that he was misled because of the fact that the juror now in question had his occupation listed as "insurance". From the statement of the juror to President Judge Knight at the opening of court on the first day of the week of trial, it would appear that the juror was employed by an insurance company and also a member of the Philadelphia bar. There is nothing before us in the way of depositions or otherwise to indicate that this juror was "in active practice". In the absence of anything in the record to so indicate, there would seem to be a presumption in favor of the legality of his being listed for jury service.

The crime charged in this case was a felony and the jurors could have been examined by defendant's counsel upon their voir dire. In failing to do so defendant must be deemed to have waived such right.

Counsel for defendant contends that the mere fact that the juror is a lawyer should disqualify him because of the fact that he might be in a position to influence other members of the jury who might be swayed by a belief that his knowledge was superior to theirs. However, it is impossible in every case to have a jury of 12 persons who are all of equal mental stature, education, etc. If defendant's contention should be sustained, it would perhaps bar college professors, Phi Beta Kappas, or possibly any possessor of higher education, from serving on juries. Such is not the law.

While it is not set forth as a reason for new trial in his brief, defendant contends that there was error upon the part of the trial judge in refusing to allow defendant's counsel, on cross-examination, to ask a Philadelphia police officer whether he had not been demoted as a result of a false identification made in some other case. In a side bar conference the trial judge stated to counsel that such question would be allowed if, in the event the witness replied in the negative, defendant would produce evidence to show that the witness had been demoted for such reason.

Counsel stated that he could not produce any such evidence. In an excess of caution the witness was called to side bar and asked the question, whereupon the witness denied positively that he had been demoted for any false identification. Counsel for defendant thereupon replied: "Then, I won't ask him, and will your honor grant an exception? I can't follow it up." We feel that it was within the discretion of the trial judge to bar such testimony. The only effect would be to leave in the minds of the jurors an insinuation or innuendo that the witness had made a false identification in some other case. Jurors sometimes feel that there must be some truth to the innuendoes even after a denial by the witness and no evidence to contradict. Often we find lawyers asking questions raising innuendoes which

have not the slightest basis in fact except in the imagination of the party asking such questions. We feel that under the circumstances it was a proper exercise of judicial discretion to bar such question.

And now, February 16, 1954, for the reasons given, defendant's motion for a new trial is dismissed and defendant is directed to appear in Courtroom A, for sentence, on Friday, February 26, 1954, at 10 a.m.